Filed 6/20/16  P. v. Walker CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>      v.<br><br>RODNEY DWYANE WALKER,<br><br>   Defendant and Appellant. | G052496<br><br>(Super. Ct. No. 12NF3291)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Rodney Dwyane Walker, in pro. per.; and Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

Defendant Rodney Dwyane Walker appeals from a judgment entered after a jury found him guilty of robbery, evading a police officer while driving recklessly, and possessing a firearm. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel identified a potential issue to assist us in our independent review. We provided defendant 30 days to file written argument on his own behalf; he did so.

We have examined the entire record, appointed counsel's *Wende/Anders* brief, and defendant's supplemental brief; we have found no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

FACTS

Around 10:30 to 10:45 p.m. on October 12, 2012, Maria Erickson, who was 67 years old at the time of trial, drove to her friend's house in Placentia, parked her car, and walked to the front door of the house. As she was about to open the door, which was ajar, she felt tugging at her purse. Initially thinking someone was playing a joke on her, Erickson tightened her grip on her purse by hugging it, and said, "no, stop. Stop that." She turned around, and felt someone push her; she fell on her back. She screamed for help. Erickson felt someone pull her by the legs "towards the walkway where [she] came from towards [her] car." At some point, the strap on her purse broke and she did not see her purse again.

Jeremy Chiong and James Chiong,[1] the sons of Erickson's friend, were inside the house and heard a crashing sound; they walked to the front door to investigate. Erickson was on the ground and, while pointing upward and behind her, said, "he robbed

---

[1] We refer to Jeremy Chiong and James Chiong by their first names for the sake of clarity; we intend no disrespect.

me." The brothers saw a man, later identified as Walker, running away from the front door and across the front lawn. The brothers gave chase.

As James chased Walker, he saw Walker "start[] to reach for something" in front of him, so James slowed down because his instinct told him that Walker was reaching for a gun or a knife and was going to turn around and use it. Walker turned around, said, "no, please no. No," and threw contents of Erickson's purse at James. Walker then ran to a car and got into the driver's seat. After he saw that Walker was alone inside the car, James grabbed Walker's shirt and tried to pull him out of the car. Walker, however, put the car into drive and sped away.

Jeremy made a note of the license plate number and the description of Walker's car. He ran back to the house where he found his sister already on the phone with the 911 operator. Jeremy took the phone and provided the car's license plate number and description to the operator.

Around 10:45 p.m., Officer Chris Anderson of the Placentia Police Department heard a broadcast regarding the robbery. He got onto the State Route 91 freeway going westbound toward Long Beach because the license plate number that Jeremy had given to the 911 operator showed the car was registered "out of the City of Long Beach." While traveling on the freeway, Anderson scanned the license plates of vehicles that he approached and noticed a car with a similar license plate number to the one given by Jeremy. Anderson started to follow the car and advised dispatch that he was following "a possible robbery suspect vehicle."

While Anderson was waiting for additional units to arrive, the car accelerated at a high rate of speed. Anderson activated his overhead emergency lights and siren, and pursued the car. During the police pursuit, the car reached a speed of over 100 miles per hour, exited and reentered the freeway, ran red lights, and struck another vehicle while traveling about 70 miles per hour. After suffering a flat tire, the car slowed. The driver's door opened and Walker started to run away from the police before

3

he was apprehended by a K-9 unit. A police officer found a semiautomatic handgun in Walker's right front pants pocket with a live round bullet in its chamber and a fully loaded magazine. Erickson's purse was found on the front passenger seat of the car.

PROCEDURAL HISTORY

A jury found Walker guilty of second degree robbery in violation of Penal Code sections 211 and 212.5, subdivision (c), evading a peace officer while driving recklessly in violation of Vehicle Code section 2800.2, and possession of a firearm by a felon in violation of Penal Code section 29800, subdivision (a)(1). (All further statutory references are to the Penal Code.) The jury found that during the commission of the robbery offense, Walker was armed with a firearm within the meaning of section 12022, subdivision (a)(1). Walker admitted he had suffered 12 prior strike convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12), and two prior serious felony convictions within the meaning of sections 667, subdivision (a)(1) and 1192.7, subdivision (c).

The trial court sentenced Walker to a 10-year prison term, by imposing mandatory five-year terms for Walker's two prior serious felony convictions, pursuant to section 667, subdivision (a)(1), followed by a consecutive indeterminate term of 25 years to life. Walker appealed.

ANALYSIS OF POTENTIAL ISSUES

In his supplemental brief, Walker argues that insufficient evidence supported the jury's finding that he was armed with a firearm in the commission of the robbery, within the meaning of section 12022, subdivision (a)(1). In the *Wende/Anders* brief, Walker's appointed appellate counsel raises the sufficiency of the evidence to support the true finding on the firearm enhancement as a potential issue.

4

Section 12022, subdivision (a)(1) provides in part: "Except as provided in subdivisions (c) and (d), a person who is armed with a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment pursuant to subdivision (h) of Section 1170 for one year, unless the arming is an element of that offense." In *People v. Bland* (1995) 10 Cal.4th 991, 999, the California Supreme Court stated: "As we have pointed out, for a defendant to be 'armed' for purposes of section 12022's additional penalties, the defendant need only have a weapon available for use to further the commission of the underlying felony." The Supreme Court further stated: "[A]*rming* under the sentence enhancement statutes does not require that a defendant utilize a firearm or even carry one on the body. A defendant is *armed* if the defendant has the specified weapon available for use, either offensively or defensively. [Citations.] . . . As a recent Court of Appeal decision observed, 'a firearm that is available for use as a weapon creates the very real danger it will be used.' [Citation.] Therefore, '[i]t is the availability—the ready access—of the weapon that constitutes arming.' [Citation.]" (*Id.* at p. 997.)

Section 211 provides: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." The California Supreme Court has explained: "'The taking element of robbery' consists of both a caption and an asportation. [Citation.] Therefore, to determine the duration of a robbery, the focus must be on its final element, asportation. We emphasized that '[a]lthough, for purposes of establishing guilt, the asportation requirement is initially *satisfied* by evidence of slight movement [citation], asportation is not confined to a fixed point in time. The asportation continues thereafter as long as the loot is being carried away to a place of temporary safety.'" (*People v. Gomez* (2008) 43 Cal.4th 249, 256.)

Substantial evidence supported the finding that Walker committed a robbery while armed with a firearm. Trial testimony showed that Anderson was able to

5

find Walker driving on the freeway minutes after he had taken Erickson's purse and while Walker was still in the process of carrying it away. Walker never reached a temporary place of safety after he took Erickson's purse and before he was apprehended by the police who found him in possession of a semiautomatic handgun in his pants pocket. Therefore, sufficient evidence showed that during the commission of the robbery offense, Walker had ready access to the firearm and thus was armed within the meaning of section 12022, subdivision (a)(1).

Walker also argues the trial court erred by sentencing him to two five-year terms for the two prior serious felony convictions under section 667, subdivision (a)(1) which provides: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, *shall* receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively." (Italics added.)

Walker admitted he committed two prior serious felonies within the meaning of sections 667, subdivision (a)(1) and 1192.7, subdivision (c), and that each had been charged and tried separately. Specifically, he admitted the enhancement allegation in the information that "pursuant to Penal Code section 667[, subdivision ](a)(1) . . . , [he] was convicted of a violation of Penal Code section 211, a serious felony listed in Penal Code section 1192.7, on charges brought and tried separately on or about August 01, 2000 in the Superior Court of the State of California, in and for the County of LOS ANGELES, case number: TA056323-01." Walker also admitted a second enhancement allegation that he had a prior conviction for violating section 211, a serious felony within the meaning of sections 667, subdivision (a)(1) and 1192.7, "on charges brought and tried separately on or about June 06, 2000 in the

6

Superior Court of the State of California, in and for the County of LOS ANGELES, case number:  KA068544."

The trial court therefore did not err by imposing two five-year terms for the two prior serious felony convictions that Walker admitted, pursuant to section 667, subdivision (a)(1).

Walker has not raised any other issues in his supplemental brief.  We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we find no arguable issues on appeal.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

DISPOSITION

The judgment is affirmed.

FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.

7